UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE AGUSTIN ALVARADO, § <br> TDCJ No. 01955155, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL NO. SA-20-CA-031-OLG |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Jose Agustin Alvarado's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Lorie Davis's Answer (ECF No. 8), and Petitioner's Reply (ECF No. 9) thereto. Petitioner challenges the constitutionality of his 2014 state court conviction for indecency with a child, arguing: (1) his incriminating statement to police should have been excluded, (2) he is the victim of selective and vindictive prosecution, (3) he received ineffective assistance when counsel induced him to plead guilty, (4) he received ineffective assistance due to counsel's failure to investigate, and (5) his guilty plea was involuntary because the prosecution threatened to indict members of his family. In her answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In August 2014, Petitioner plead guilty to three counts of indecency with a child by sexual contact and was sentenced to ten years of imprisonment. *State v. Alvarado*, No. 14-0672-CR-A (2nd 25th Dist. Ct., Guadalupe Cnty., Tex. Aug. 20, 2014); (ECF No. 10-6 at 100-01). Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offenses and waived his right to appeal. (ECF No. 10-6 at 92-98). As a result, Petitioner did not appeal his conviction and sentence.

Instead, Petitioner waited at least until June 16, 2016, to challenge his conviction by filing a state habeas corpus application, which the Texas Court of Criminal Appeals (TCCA) dismissed without written order on August 24, 2016, for failing to comply with the Texas Rules of Appellate Procedure. *Ex parte Alvarado*, No. 85,568-01 (Tex. Crim. App.); (ECF No. 10-1, 10-3 through 10-6). Petitioner then waited two years until August 24, 2018, to file a second state habeas corpus application challenging his conviction which was eventually denied by the TCCA in a written order dated January 9, 2019. *Ex parte Alvarado*, No. 85,568-02 (Tex. Crim. App.); (ECF Nos. 10-7, 11-8 through 11-10, 12-1 through 12-10, and 13-1 through 13-18).[1] A year later, on January 8, 2020, Petitioner placed the instant federal habeas petition in the prison mail system. (ECF No. 1 at 13).

## II. Timeliness Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

---

[1] The record for Petitioner's first state habeas proceeding, being some 524 pages long, was submitted by Respondent in four separate docket entries. (ECF Nos. 10-3 through 10-6). For some unknown reason, however, Respondent submitted the record for petitioner's second state habeas proceeding in 31 separate docket entries despite the record being just 376 pages long.

2

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final September 19, 2014, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, September 21, 2015.[2] Petitioner did not file his § 2254 petition until January 8, 2020—well over four years after the limitations period expired—thus, his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.     Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

---

[2]   Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

subsection," it does not toll the limitations period in this case either.  As discussed previously, Petitioner's first state habeas application was signed in June 2016, well after the limitations period expired for challenging his underlying conviction and sentence.  Because Petitioner filed his state habeas applications after the time for filing a federal petition under § 2244(d)(1) has lapsed, they do not toll the one-year limitations period.[3]  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

**B.**     **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

To start, Petitioner does not point to any "extraordinary circumstance" that prevented him from timely filing.  In his Reply (ECF No. 9), Petitioner blames the inherent slowness of the penal system and contends certain "clerical road-blocks" prevented him from filing his initial state habeas petition.  Specifically, Petitioner places fault at the feet of the state trial court clerk's office for his initial state habeas petition being rejected as non-compliant.  According to Petitioner, the clerk should not have forwarded the petition to the TCCA once it was discovered that the petition was missing pages, but rather should have contacted him (or his wife) to make

---

[3]     In any event, Petitioner's first state habeas application would have no effect on the limitations period because it was improperly filed.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

the appropriate corrections.  But even assuming this is true, it was Petitioner's *own action* of filing the incomplete petition—rather than any action (or inaction) taken by the trial court clerk's office—that ultimately resulted in his application being non-compliant.  *See Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (affirming denial of equitable tolling where petitioner's own action prevented him from asserting his rights).  As such, Petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition, and equitable tolling does not apply.  *Id.*; *see Jones v. Stephens*, 541 F. App'x 499, 503-05 (5th Cir. 2013) (unpublished) (finding state court's failure to timely inform petitioner his state habeas application was improperly filed under Texas Rule of Appellate Procedure 73.1 did not constitute an extraordinary circumstance warranting equitable tolling).

Regardless of whether the above arguments constitute an extraordinary circumstance which prevented Petitioner from timely filing, Petitioner fails to demonstrate that he has been pursuing his rights diligently.  Each of the allegations in Petitioner's federal petition concern the constitutionality of his August 2014 guilty plea, yet Petitioner did not submit his first state habeas corpus application until June 2016 at the earliest, some 22 months later.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

Moreover, Petitioner fails to provide any legitimate reason why his claims could not have been discovered and presented earlier than June 2016, when he signed his first state habeas application.  He also fails to explain why he waited another two years after the TCCA dismissed his first state habeas application to file his second application, and then waited another year after

5

the denial of his second application to file the instant petition in this Court. Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

C.      **Actual Innocence**

Finally, Petitioner appears to contend in his Reply that he is actually innocent of the crime for which he plead guilty. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Indeed, Petitioner's argument relies exclusively on evidence—a letter from his lawyer written prior to his conviction attempting to coerce him into pleading guilty—that was available at the time of Petitioner's guilty plea. This does not constitute "*new* reliable evidence" establishing his innocence. As such, the untimeliness of Petitioner's federal habeas petition will not be excused under the actual-innocence exception established in *McQuiggin*.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Jose Augustin Alvarado's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the  11th  day of May, 2020.

**ORLANDO L. GARCIA**
**Chief United States District Judge**